IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE H. SZCZEPANSKI, JR., )<br>)<br>     Plaintiff, )<br>vs. )<br>)<br>ALBERTO VILORIA, and )<br>UNITED STATES OF AMERICA, )<br>)<br>     Defendants. ) | Case Number  3:17-cv-820<br><br>DEMAND FOR TRIAL BY JURY<br>AGAINST ALBERTO VILORIA, M.D. |

## COMPLAINT

NOW COMES the plaintiff, Lawrence H. Szczepanski, Jr., by Wham & Wham, his attorneys, and for his Complaint against Alberto Viloria, M.D., and the United States of America, states as follows:

## JURISDICTION

1. Plaintiff is an adult, residing in Tamaroa, Illinois and a citizen of the State of Illinois.

2. The defendant, Alberto Viloria, M.D., is a resident of St. Louis, Missouri and a citizen of the State of Missouri.

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 (a)(1) as to Defendant Alberto Viloria, M.D.

4. At all times referred to herein, Dr. Benjamin Rathert was a deemed employee of an agency of the United States of America, the Christopher Greater Area Rural Health Planning Corporation, making the United States of America a proper defendant pursuant to 28 U.S.C. § 1346(b). This lawsuit against the United States of

1

America is based upon the negligent acts or omissions of Dr. Benjamin Rathert and is filed pursuant to the Federal Tort Claims Act 28 U.S.C § 2675(a). Plaintiff, pursuant to 28 U.S.C § 2675(a), filed a claim on February 2, 2016 with the appropriate federal agency, the Department of Health and Human Services. The Department of Health and Human Services denied the claims and this action is filed within six months of the denial (see attached Exhibit 1). Pursuant to 28 U.S.C § 2675(a), plaintiff has exhausted his administrative remedies and this Court has jurisdiction.

5. As to the United States of America, this action was previously dismissed without prejudice by this court in case # 3:16-cv-00554-MJR-PMF by order of September 7, 2016 for failure to exhaust administrative remedies present to 28 U.S.C § 2675(a), which remedies have now been exhausted.

## COUNT I- ALBERTO VILORIA

6. That on or about February 3, 2014, Plaintiff Lawrence H. Szczepanski, Jr., presented to Pinckneyville Community Hospital in Perry County, Illinois, for treatment of medical conditions.

7. That at the time he presented to Pinckneyville Community Hospital, Defendant Alberto Viloria, M.D., was an emergency room physician who rendered care to Lawrence H. Szczepanski, Jr.

8. That it then and there became and was the duty of Defendant Alberto Viloria, M.D., to render medical care, diagnosis and treatment consistent with the medical requirements of his patients.

9. That at all times herein mentioned it was the duty of Defendant Alberto Viloria, M.D., to possess and exercise that degree of skill and care possessed by reasonably competent practitioners in the field of emergency medicine.

10. That contrary to the aforesaid duty, Defendant Alberto Viloria, M.D., failed to adhere to the appropriate standard of care and was then and there guilty of one or more of the following negligant acts and/or omissions in treating Lawrence H. Szczepanski, Jr.:

    a. Negligently failed to diagnose a fracture dislocation of the ankle;

    b. Negligently failed to treat a fracture dislocation of the ankle;

    c. Negligently failed to order appropriate diagnostic studies;

    d. Negligently failed to properly evaluate and examine the nature and extent of injuries in plaintiff's left lower extremity; and

    e. Negligently allowed plaintiff to walk on a fractured ankle causing further injuries to the joint and surrounding structures.

11. That as a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Alberto Viloria, M.D., Plaintiff Lawrence H. Szczepanski, Jr., suffered the following injuries and damages:

    a. Sustained further injury to his leg and ankle, which required surgery and further medical care;

    b. Pain and suffering, past and future;

    c. Medical expenses;

    d. Disability; and

    e. Loss of income and wages.

12. That attached hereto is an Attorney Affidavit and Physician Certificate

pursuant to 735 ILCS 5/2-622 marked Exhibit 2 and 3 respectfully.

WHEREFORE, Plaintiff Lawrence H. Szczepanski, Jr., prays for judgment against Defendant, Alberto Viloria, M.D., for a sum in excess of seventy-five thousand dollars ($75,000.00), plus cost of suit.

PLAINTIFF DEMANDS TRIAL BY JURY AGAINST ALBERTO VILORIA, M.D.

COUNT II – UNITED STATES OF AMERICA

13. The Defendant, United States of America, is a proper party defendant in this action because at all relevant times, pursuant to 42 U.S.C § (233), Dr. Benjamin Rathert was a deemed employee of the Public Health Service, acting within the scope of his employment.

14. Plaintiff presented to the Rea Clinic commencing on February 10, 2014 for follow-up care for this injury and was then seen by Benjamin Rathert, M.D.

15. That it then and there became and was the duty of Benjamin Rathert, M.D., to render medical care, diagnosis and treatment consistent with the medical requirements of the patients therein.

16. That at all times herein mentioned it was the duty of Benjamin Rathert, M.D., to possess and exercise that degree of skill and care possessed by reasonably competent physicians engaged in the practice of medicine.

17. That contrary to the aforesaid duty, Benjamin Rathert, M.D., a deemed employee of the United States of America, breached the standard of care and was then and there guilty of one or more of the following negligent acts and/or omissions in treating Lawrence H. Szczepanski, Jr.:

4

      a.    Negligently failed to diagnose a fracture dislocation of the ankle;

      b.    Negligently failed to treat a fracture dislocation of the ankle;

      c.    Negligently failed to order appropriate diagnostic studies;

      d.    Negligently failed to properly evaluate and examine the nature and extent of injuries in plaintiff's left lower extremity;

      e.    Negligently allowed plaintiff to walk on a fractured ankle causing further injuries to the joint and surrounding structures;

      f.    Negligently failed to refer plaintiff to an appropriate specialist in a timely manner; and

      g.    Negligently failed to ascertain the nature and extent of plaintiff's prior diagnoses and treatment before coming under his care.

18. That as a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Benjamin Rathert, M.D., Plaintiff Lawrence H. Szczepanski, Jr., suffered the following injuries and damages:

      a.    Sustained further injury to his leg and ankle, which required surgery and further medical care;

      b.    Pain and suffering, past and future;

      c.    Medical expenses;

      d.    Disability; and

      e.    Loss of income and wages.

19. That attached hereto is an Attorney Affidavit and Physician Certificate pursuant to 735 ILCS 5/2-622 marked Exhibit 2 and 4 respectfully.

WHEREFORE, Plaintiff Lawrence H. Szczepanski, Jr., prays for judgment against Defendant, United States of America, for a sum in excess of seventy-five thousand dollars ($75,000.00), plus cost of suit.

PLAINTIFF DEMANDS TRIAL BY JURY AGAINST ALBERTO VILORIA, M.D.

        Respectfully submitted,

        s/ Daniel R. Price
        Daniel R. Price    IL #6188928
        *ATTORNEYS FOR PLAINTIFF,*
        *LAWRENCE H. SZCZEPANSKI, JR.*

        WHAM & WHAM LAWYERS
        212 East Broadway, P.O. Box 549
        Centralia, Illinois 62801
        Phone: (618) 532-5621
        Fax: (618) 532-5055
        Email: drpwhamlawyers@aol.com